In re WILSON.

(District Court, S. D. California. February 24, 1896.)

No. 845.

IMPRISONMENT—SENTENCE TO PRISON OUT OF JURISDICTION.

One C. was sentenced by a court of the territory of Arizona to imprisonment in "the territorial prison at Y., Arizona territory." He subsequently sought to be discharged from imprisonment by habeas corpus, upon the allegation that the prison at Y., being the only territorial prison, was not in fact in the territory, but about 500 feet beyond its boundary, and in the state of California. It was not alleged that California claimed the land where the prison stood, and it appeared that Arizona was in possession thereof, and the town of Y. claimed that it was within its limits. Held, that the prisoner's confinement was not illegal, and the writ should be denied.

Calvert Wilson, for petitioner.

WELLBORN, District Judge. This is a petition for a writ of habeas corpus by Calvert Wilson, on behalf of Evaristo Chavez, and alleges as follows: That the latter is unlawfully restrained of his liberty by one Thomas Gates, under a judgment of the district court of the Fourth judicial district of the territory of Arizona, a territorial court having the same jurisdiction as is vested in the circuit and district courts of the United States, sentencing said prisoner to 13 months' imprisonment in "the territorial prison, at Yuma, Arizona territory"; that said Gates is the superintendent of the prison where said Chavez is confined, and that said prison is the only territorial prison of Arizona, and was established by section 2417, Rev. St. Ariz., locating the same in the town of Yuma, county of Yuma, in said territory; that said prison, in point of fact, is not within the territory of Arizona, but is about 500 feet, more or less, from the boundary line of said territory, and within the state of California. There is no allegation, however, that California is now making, or has ever made, any claim whatever to the land upon which the prison stands, but, on the contrary, Arizona is now in possession of said prison, and exercises authority over the same, and has no other territorial prison; and said prison is claimed by the town of Yuma to be within its corporate limits and subject to its municipal authority. The sole ground upon which the petitioner asserts illegality in the aforesaid imprisonment is the alleged fact that said prison is outside of the territory of Arizona. Whether or not, from mistake or other cause, Arizona has built its prison a few hundred feet outside the boundaries of the territory, and within the state of California, is an inquiry upon which the court, in this proceeding, ought not to enter. That part of the sentence indicating the place of imprisonment, to wit, "the territorial prison at Yuma, Arizona

territory," is merely descriptive of, and intended to identify, the prison, and the petition shows beyond question that the place where Chavez is confined is the prison designated in the sentence. Even were the state of California asserting claim to the land on which the prison stands, it would then simply be a question of disputed boundary, and on a writ of habeas corpus the court would not undertake to determine where the exact line is situated, but, finding Arizona in possession of, and exercising authority over, the disputed ground, and using the same as its prison, would assume, for the purposes of this application, the locality in question to be within the limits of said territory. However, were this not so, and conceding said prison to be within the state of California, there is still another reason why the writ of habeas corpus should not be issued on this application. There is no law requiring prisoners convicted and sentenced to imprisonment by the courts of Arizona to be confined within the territory, but, on the contrary, it is expressly provided in paragraph 10 of the act of congress entitled "An act making appropriations for the sundry civil expenses of the government for the fiscal year ending June 30, 1881, and for other purposes," approved June 16, 1880:

"That the legislative assemblies of the several territories of the United States may make such provision for the care and custody of such persons as may be convicted of crime under the laws of such territory as they shall deem proper, and for that purpose may authorize and contract for the care and custody of such convicts in any other territory or state, and provide that such person or persons may be sentenced to confinement accordingly in such other territory or state, and all existing legislative enactments of any of the territories for that purpose are hereby legalized." 1 Supp. Rev. St. p. 299.

The writ is denied.